**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GIAEL MORGAN, individually and on behalf of all others similarly situated, | Case No.: 1:26-cv-05422 |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **JURY DEMAND** |
| SWISSPORT USA, INC., | |
| Defendant. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1.      Plaintiff Giael Morgan ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Collective and Class Action Complaint against Defendant Swissport USA, Inc. ("Defendant" or "Swissport") to recover unpaid overtime wages, unpaid straight-time wages, statutory damages, liquidated damages, injunctive relief, attorneys' fees, costs, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA"), and the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA").

2.      Defendant employs hourly-paid employees in Illinois and throughout the United States, including ramp agents and other airport operations employees, to provide ground-handling, cargo-handling, ramp, baggage, warehouse, clerical, and related airport-support services at Chicago O'Hare International Airport and other airport locations.

3.      Defendant has maintained common timekeeping, meal-period, pre-shift/post-shift, overtime-rate, and biometric timeclock practices that deprive hourly-paid employees of wages and statutory protections required by federal and Illinois law.

1

4.      Plaintiff seeks relief under 29 U.S.C. § 216(b) for himself and similarly situated employees who elect to opt in to this action, and under Federal Rule of Civil Procedure 23 for Illinois classes whose claims arise from Defendant's common policies and practices.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 because those claims arise under federal law.

6.      This Court has supplemental jurisdiction over Plaintiff's Illinois-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's FLSA claims.

7.      This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, on information and belief, at least one member of the proposed Rule 23 Classes is a citizen of a state different from Defendant, the proposed classes contain at least one hundred (100) members in the aggregate, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8.      This Court has personal jurisdiction over Defendant because Defendant conducts business in Illinois, employs employees in Illinois, operates at Chicago O'Hare International Airport, and committed the acts and omissions alleged in this Complaint in Illinois.

9.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.

10.     This case is properly filed in the Eastern Division because Plaintiff worked for Defendant in Chicago, Illinois, within this District and Division.

## PARTIES

11. Plaintiff Giael Morgan is an individual who resides in Illinois.

12. Plaintiff worked for Defendant from approximately September 2024 through May 2025.

13. Plaintiff is a former employee of Defendant.

14. Plaintiff worked for Defendant as a Ramp Agent at Chicago O'Hare International Airport in Chicago, Illinois.

15. Plaintiff performed ramp, gate, aircraft, baggage, and related airport ground-handling work on airport premises.

16. Plaintiff was paid on an hourly basis and was treated as a non-exempt employee eligible for overtime compensation.

17. Plaintiff's pay records identify his wage-paying employer as Swissport USA, Inc.

18. Defendant Swissport USA, Inc. is a Delaware corporation with its headquarters and principal office at 227 Fayetteville Street, 9th Floor, Raleigh, North Carolina 27601.

19. Defendant is registered to do business in Illinois as a foreign corporation and maintains a registered agent in Illinois.

20. Defendant provides airport ground-handling, cargo-handling, ramp, baggage, fueling, and related aviation-support services.

21. Defendant Swissport USA, Inc. is an airport ground-services and cargo-handling contractor, not a common carrier by air, and Plaintiff alleges on information and belief that Defendant is not owned or controlled by any common carrier by air. Consistent with that status, the National Mediation Board has held that Swissport Cargo Services, LP was not subject to the Railway Labor Act because it was "not a common carrier by air" and because independent airline-

service contractors do not become RLA-covered carriers merely by performing services for air carriers. *Swissport Cargo Services, LP*, 52 N.M.B. 25, 2024 NMB LEXIS 24, at *5, *24–25 (N.M.B. 2024) (finding Swissport was "not an air carrier engaged in interstate or foreign commerce" and rejecting RLA jurisdiction over Swissport's EWR ground-handling employees).

22. Defendant employed Plaintiff and similarly situated employees, controlled their work schedules and working conditions, maintained their pay and time records, and paid their wages.

23. At all relevant times, Defendant was an employer within the meaning of the FLSA, the IMWL, the IWPCA, and BIPA.

## **FACTUAL ALLEGATIONS**[1]

24. Defendant has employees engaged in commerce or in the production of goods for commerce, including employees who handle, load, unload, move, sort, process, or otherwise work on baggage, cargo, freight, aircraft-support equipment, vehicles, supplies, and other goods and materials that have moved in or are used in interstate or foreign commerce.

25. Defendant's annual gross volume of sales made or business done is not less than $500,000.

26. Defendant employs Plaintiff and other hourly-paid employees in Illinois and throughout the United States, including ramp agents and other airport operations employees, to perform ground-handling, cargo-handling, ramp, baggage, warehouse, clerical, and related airport-support work.

---

1 Unless otherwise stated, the allegations in this section refer to the period of ten (10) years preceding the commencement of this action through the present.

27. Plaintiff and other hourly-paid employees are paid by the hour and perform manual, operational, airport-service, cargo, baggage, warehouse, clerical, administrative-support, and related non-managerial work for Defendant.

28. Hourly-paid employees regularly work more than forty (40) hours in a workweek.

29. Defendant pays hourly-paid employees hourly wages and maintains centralized payroll, timekeeping, scheduling, and compensation systems for them.

30. Hourly-paid employees receive remuneration in addition to base hourly pay, including lead pay, shift pay, and similar differentials, premiums, incentives, or other non-discretionary compensation.

31. Defendant pays overtime compensation to hourly-paid employees at rates that do not always include all remuneration required to be included in the regular rate.

32. For example, Plaintiff's May 1, 2025 paystub shows Regular Pay at $18.65 per hour, Lead Pay at $3.00 per hour, Shift Pay at $0.35 per hour, and overtime paid at $29.08 per hour, reflecting an overtime rate that does not include all remuneration shown on the wage statement.

33. As a result, hourly-paid employees receive less than one-and-one-half times their lawful regular rate for overtime hours worked.

34. Defendant also maintains meal-period practices that automatically deduct time from hourly-paid employees' recorded hours.

35. Hourly-paid employees do not always receive bona fide, uninterrupted meal periods free from work duties.

5

36. Hourly-paid employees work through, or have their meal periods interrupted by, operational demands, including aircraft arrivals, ramp operations, cargo operations, baggage operations, customer needs, staffing demands, and other airport-service needs.

37. Defendant knows or should know that hourly-paid employees perform compensable work during automatically deducted meal periods because the work occurs on Defendant's premises, in operational areas, during scheduled shifts, and in response to Defendant's airport-service needs.

38. Defendant's automatic meal-deduction practices cause hourly-paid employees to be unpaid for compensable work time.

39. Defendant also requires hourly-paid employees to spend pre-shift and post-shift time on airport premises performing reporting, access, walking, shuttle, transition, security, equipment, and work-area activities connected to their work for Defendant.

40. Hourly-paid employees must navigate airport premises and transition between parking, shuttle or access points, security or access points, time clocks, and assigned work areas.

41. Defendant does not record or compensate all required pre-shift and post-shift time spent by hourly-paid employees on compensable reporting, access, walking, shuttle, transition, security, equipment, and work-area activities.

42. Defendant's timekeeping practices therefore fail to capture all compensable time worked by hourly-paid employees.

43. Because hourly-paid employees regularly work more than forty (40) hours in a workweek, Defendant's failure to count all compensable time causes unpaid overtime violations under federal and Illinois law.

44. Defendant used a hand-recognition timeclock system for hourly-paid employees in Illinois to clock in and out for work.

45. Defendant collects, captures, obtains, stores, uses, transmits, and/or discloses biometric identifiers and/or biometric information from hourly-paid employees in Illinois through the hand-recognition timeclock system.

46. Defendant does not provide hourly-paid employees in Illinois with written notice that identifies the specific purpose and length of term for which their biometric identifier or biometric information is being collected, stored, and used.

47. Defendant does not obtain written releases from hourly-paid employees in Illinois before collecting, capturing, obtaining, storing, using, transmitting, and/or disclosing their biometric identifier or biometric information.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings his FLSA claims as a collective action under 29 U.S.C. § 216(b) on behalf of himself and the following collective (the "FLSA Collective"):

All current and former hourly-paid employees employed by Defendant in the United States or any other place covered by the FLSA at any time during the three (3) years preceding the filing of this Complaint through the date of judgment.

49. Plaintiff and members of the FLSA Collective are similarly situated because they are hourly-paid employees, are paid through common payroll and timekeeping systems, and are subject to common compensation, meal-deduction, off-the-clock, pre-shift/post-shift, and regular-rate overtime practices.

50. Defendant's payroll, timekeeping, scheduling, work-location, job-title, and policy records can identify members of the FLSA Collective and show the hours they worked and compensation they received.

51. The claims of Plaintiff and the FLSA Collective arise from Defendant's common policies and practices, including failure to count all compensable work time and failure to include all remuneration in the regular rate for overtime purposes.

52. Members of the FLSA Collective are entitled to notice and an opportunity to opt in to this action.

## RULE 23 CLASS ACTION ALLEGATIONS

53. Plaintiff brings his Illinois-law claims under Federal Rule of Civil Procedure 23 on behalf of himself and the following classes:

Illinois Wage Class: All current and former hourly-paid employees employed by Defendant in Illinois at any time during the ten (10) years preceding the filing of this Complaint through the date of judgment.

BIPA Class: All current and former hourly-paid employees who worked for Defendant in Illinois whose hand geometry, handprint, fingerprint, hand-recognition template, biometric identifier, or biometric information was collected, captured, obtained, stored, used, transmitted, or disclosed by Defendant or its agents in connection with a biometric timeclock or timekeeping system at any time during the five (5) years preceding the filing of this Complaint through the date of judgment.

54. Excluded from the Rule 23 Classes are Defendant, Defendant's officers and directors, the Court and its staff, and any person who properly opts out of a certified Rule 23 class.

55. The members of the Rule 23 Classes are so numerous that joinder of all members is impracticable.

56. The Rule 23 Classes are ascertainable through Defendant's payroll records, time records, work-location records, job-title records, termination records, timeclock records, biometric-system records, vendor records, and other electronically stored information.

57. Common questions of law and fact predominate over individualized questions, including whether Defendant maintained automatic meal-deduction practices, failed to record all compensable time, failed to include all remuneration in the regular rate, failed to pay all wages due upon separation, used biometric timekeeping, provided required BIPA notices and releases, maintained a public retention policy, disclosed biometric data to vendors, and protected biometric data as BIPA requires.

58. Plaintiff's claims are typical of the claims of the Rule 23 Classes because Plaintiff was subject to the same challenged wage, timekeeping, and biometric practices.

59. Plaintiff will fairly and adequately protect the interests of the Rule 23 Classes because his interests are aligned with those of absent class members and he has retained counsel experienced in wage-and-hour, class, collective, and employee-rights litigation.

60. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because the claims arise from common practices and many class members may lack the resources or incentive to pursue individual claims.

61. Class treatment will promote consistent adjudication, conserve judicial resources, and provide a practical means of redressing common statutory violations.

## COUNT I

### (Brought Individually and as a Collective Action Under 29 U.S.C. § 216(b))

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207(a)(1)

### <u>FAILURE TO PAY OVERTIME WAGES</u>

62. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

63. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

64. Plaintiff and members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

65. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

66. Plaintiff and members of the FLSA Collective also handled goods, materials, equipment, aircraft-related items, cargo, baggage, communications, electronic systems, payroll systems, and other instrumentalities of interstate commerce.

67. The FLSA requires Defendant to pay non-exempt employees overtime compensation at one-and-one-half times their regular rate for all hours worked over forty (40) in a workweek.

68. Plaintiff and members of the FLSA Collective regularly worked more than forty (40) hours in a workweek.

69. Defendant failed to count all compensable hours worked by Plaintiff and members of the FLSA Collective, including work performed during automatically deducted meal periods.

70. Defendant also failed to include all required remuneration, including differentials and premiums, in the regular rate used to calculate overtime compensation paid to Plaintiff and members of the FLSA Collective.

71. As a result, Defendant failed to pay Plaintiff and members of the FLSA Collective overtime compensation at one-and-one-half times their lawful regular rate for all hours worked over forty (40) in a workweek.

72. Defendant's violations were willful and undertaken in bad faith.

73. Plaintiff and members of the FLSA Collective are entitled to unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and all other relief available under the FLSA.

**COUNT II**

**(Brought Individually and as a Class Action Under Fed. R. Civ. P. 23)**

**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/4a**

**FAILURE TO PAY OVERTIME WAGES**

74. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

75. Defendant is an employer within the meaning of the IMWL.

76. Plaintiff and members of the Illinois Wage Class were employees within the meaning of the IMWL.

77. The IMWL requires Defendant to pay non-exempt employees overtime compensation at not less than one-and-one-half times their regular rate for all hours worked over forty (40) in a workweek.

78.     Plaintiff and members of the Illinois Wage Class regularly worked more than forty (40) hours in a workweek.

79.     Defendant failed to count all compensable work time of Plaintiff and members of the Illinois Wage Class, including time worked during automatically deducted meal periods and compensable pre-shift and post-shift time.

80.     Defendant also failed to include all required remuneration in the regular rate used to calculate overtime compensation paid to Plaintiff and members of the Illinois Wage Class.

81.     As a result, Defendant failed to pay Plaintiff and members of the Illinois Wage Class all overtime compensation required by the IMWL.

82.     Plaintiff and members of the Illinois Wage Class are entitled to unpaid wages, statutory damages, liquidated damages where available, interest, attorneys' fees, costs, and all other relief available under the IMWL.

## COUNT III

**(Brought Individually and as a Class Action Under Fed. R. Civ. P. 23)**

**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1 ET SEQ.**

**<u>FAILURE TO PAY ALL EARNED WAGES</u>**

83.     Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

84.     Defendant is an employer within the meaning of the IWPCA.

85.     Plaintiff and members of the Illinois Wage Class were employees within the meaning of the IWPCA.

86.     Defendant agreed to pay Plaintiff and members of the Illinois Wage Class wages for work performed according to their hourly rates, overtime rates, differentials, premiums, and other wage formulas reflected in Defendant's payroll and employment records.

87.     Wages owed under Defendant's pay practices include compensation for all hours worked, including compensable time worked during automatically deducted meal periods and compensable pre-shift and post-shift work time.

88.     Wages owed under Defendant's pay practices also include overtime calculated using all remuneration required to be included in the regular rate.

89.     Defendant fails to pay Plaintiff and members of the Illinois Wage Class all earned wages due under its agreements and pay practices.

90.     Defendant has failed to pay Plaintiff and members of the Illinois Wage Class all final compensation due upon separation from employment.

91.     Plaintiff and members of the Illinois Wage Class are entitled to unpaid wages, statutory damages, interest, attorneys' fees, costs, and all other relief available under the IWPCA.

## COUNT IV

**(Brought Individually and as a Class Action Under Fed. R. Civ. P. 23)**

**VIOLATION OF THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT, 740**

**ILCS 14/15**

**FAILURE TO PROVIDE NOTICE, OBTAIN WRITTEN RELEASE, MAINTAIN**

**RETENTION POLICY, AND SAFEGUARD BIOMETRIC DATA**

92.     Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

93.     Defendant is a private entity within the meaning of BIPA, 740 ILCS 14/10.

13

94.    Plaintiff and members of the BIPA Class are persons aggrieved by Defendant's violations of BIPA.

95.    BIPA regulates biometric identifiers, including fingerprints and scans of hand geometry, and biometric information based on biometric identifiers used to identify individuals.

96.    Defendant collected, captured, obtained, stored, used, transmitted, and/or disclosed Plaintiff's and BIPA Class members' biometric identifiers and/or biometric information through hand-recognition or similar biometric timekeeping technology.

97.    Defendant violated 740 ILCS 14/15(a) by failing to develop and make publicly available a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.

98.    Defendant violated 740 ILCS 14/15(b) by collecting, capturing, receiving, or otherwise obtaining Plaintiff's and BIPA Class members' biometric identifiers and/or biometric information without first providing the written notices and obtaining the written release required by BIPA.

99.    Defendant violated 740 ILCS 14/15(d) by disclosing, redisclosing, or otherwise disseminating Plaintiff's and BIPA Class members' biometric identifiers and/or biometric information to timekeeping, payroll, data-storage, software, hardware, or other vendors without the consent required by BIPA.

100.    Defendant violated 740 ILCS 14/15(e) by failing to store, transmit, and protect biometric identifiers and biometric information using the reasonable standard of care within its industry and in a manner at least as protective as its treatment of other confidential and sensitive information.

101.    Defendant's violations were negligent, reckless, or intentional.

14

102.    Plaintiff and members of the BIPA Class are entitled to liquidated damages, actual damages if greater, attorneys' fees, costs, expenses, injunctive relief, and all other relief available under 740 ILCS 14/20.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

103.    Certify this action as a collective action under 29 U.S.C. § 216(b);

104.    Authorize notice to members of the FLSA Collective and permit them to opt in to this action;

105.    Certify the Rule 23 Classes under Federal Rule of Civil Procedure 23;

106.    Appoint Plaintiff as class representative and Plaintiff's counsel as class counsel;

107.    Award unpaid straight-time wages, unpaid overtime wages, and all other wages owed;

108.    Award liquidated damages under the FLSA and IMWL where available;

109.    Award statutory damages, liquidated damages, actual damages if greater, and injunctive relief under BIPA;

110.    Award statutory damages, penalties, and interest available under Illinois law;

111.    Award pre-judgment and post-judgment interest;

112.    Award reasonable attorneys' fees, expert fees, litigation expenses, and costs;

113.    Enter declaratory and injunctive relief requiring Defendant to comply with federal and Illinois wage and biometric laws; and

114.    Award such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

115.    Plaintiff Giael Morgan, individually and on behalf of all other FLSA Collective members and Rule 23 Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.


Respectfully Submitted,

Dated: May 11, 2026


By:    /s/ Jason T. Brown
Jason T. Brown (ARDC # 6318697)
Nicholas Conlon (to seek PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Counsel for Plaintiff*